IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PACIFICA ROSEMONT LLC,

    Plaintiff,

v.                                                                      Case No. 23-cv-00747 KG/JFR

THOMAS BANNER, as Personal
Representative for the Wrongful Death
Estate of ELIZABETH GARREN, deceased,

    Defendant.[1]

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Pacifica Rosemont LLC's Motion to Compel Arbitration (Motion) filed October 3, 2023. (Doc. 3). The Motion is fully and timely briefed. *See* (Docs. 3, 6, 9). Having considered the briefing and applicable law, the Court grants Plaintiff's Motion.

I.   *Background*

The facts giving rise to this suit stem from an Unfair Practices Act and negligence lawsuit initially filed in state district court. On June 15, 2021, Suzanne Kiermont was designated to serve as Elizabeth Garren's Power of Attorney and Health Care Representative. (Doc. 1-1). On August 30, 2021, Ms. Kiermont, acting as Ms. Garren's agent, executed an Arbitration Agreement with Plaintiff Pacifica Rosemont's assisted living facility (Facility), in connection with Ms. Garren's residency there. (Doc. 1) at 3 (citing Doc. 1-2). Approximately two and a

---

[1] At the time Plaintiff filed its Motion to Compel Arbitration, the named party Defendant was "Suzanne Kiermont, as Attorney-in-Fact of Elizabeth Garren." But on September 5, 2023, Ms. Garren died. (Doc. 11) at 2 (citing (Doc. 11-2)). As a result, Plaintiff moved to substitute "Thomas Banner, as Wrongful Death Personal Representative for the Estate of Elizabeth Garren" as the named party Defendant. *Id.*

1

half weeks later, on September 17, 2021, Elizabeth Garren was admitted as a resident to the Facility. (Doc. 1-4) at 1–2, 4.

Defendant alleges the following facts:[2] At the time she was admitted, Ms. Garren had several preexisting conditions and was placed in the memory care unit. *Id.* at 4. Her preexisting conditions included: dementia, iron deficiency anemia, arthritis, atrial fibrillation, hearing loss, GERD, osteoporosis, macular degeneration, and hypothyroidism.[3] *Id.* While at the Facility, Ms. Garren suffered numerous health issues. *Id.* at 4–6. And despite being noted as a fall risk upon admission, some of Ms. Garren's health issues—such as rib fractures and a head injury—appear to be due to falling. *Id.* at 4–5. Other health issues she suffered from while at the Facility included pneumonia, urinary tract infection, malnutrition, dehydration, and suspected physical abuse. *Id.* at 5–6.

Defendant alleges that Ms. Garren's injuries and health issues were caused by Plaintiff's negligence. *Id.* at 6–11. As a result, on March 21, 2023, Defendant in this case filed a lawsuit in state district court. *See generally id.* Plaintiff then filed this Motion, asking the Court to compel arbitration. (Doc. 3). For the reasons discussed below, the Court grants Plaintiff's Motion.

II.     *Legal Standard*

Under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, written agreements to submit to arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the evocation of any contract." 9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a

---

[2] These allegations are taken from the state court complaint.
[3] Defendant has not indicated a desire to file this information under seal. Still, the Court acknowledges the sensitive nature of Ms. Garren's personal medical history, while also noting that the parties filed this action in open court.

matter of contract." *Sanchez v. Nitro-Lift Techs, L.L.C.*, 762 F.3d 1139, 1145 (10th Cir. 2014) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). Thus, where a contract contains an arbitration clause, there is a presumption of arbitrability, and any doubts should be resolved in favor of arbitrability. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986); *see also In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1201 (10th Cir. 2016) ("[Courts] begin with a strong presumption that the dispute is arbitrable.").

III.   *Analysis*

In its Motion to Compel Arbitration, Plaintiff claims Ms. Kiermont, as Ms. Garren's agent, entered into a valid Arbitration Agreement, binding Ms. Garren and her estate. (Doc. 3) at 3. In response, Defendant argues that the Arbitration Agreement is invalid and unenforceable because it is substantively and procedurally unconscionable. (Doc. 6) at 2. The Court addresses the parties' arguments below.

Defendant argues that the Arbitration Agreement is substantively unconscionable, reasoning that it is one-sided because it excludes from arbitration the Facility's likeliest claims— i.e., eviction claims and claims under $10,000. (Doc. 6) at 2–4. In support, Defendant notes that the New Mexico Supreme Court has held such arbitration agreements unconscionable. (Doc. 6) at 2–3 (citing *Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010). Defendant does not, however, address the Tenth Circuit's controlling precedent in *Patton*.

In *Patton*, the Tenth Circuit proscribed invalidating an arbitration agreement on unconscionability grounds based on the perceived inferiority of arbitration to litigation. *THI of New Mexico at Hobbs Center, LLC v. Patton*, 741 F.3d 1162, 1167 (10th Cir. 2014) (FAA preempts state statutes and common law "predicated on the view that arbitration is an inferior

means of vindicating rights"). This is true despite an arbitration agreement providing that "the claims most likely to be brought by residents are the ones that must be arbitrated, while the claims most likely to be brought by [the Facility] are to be litigated in court." *Id.* at 1168–69. Consequently, even assuming, without deciding, that the Arbitration Agreement here allows the Facility to litigate its likeliest claims in court while demanding residents arbitrate their likeliest claims, Defendant's argument is unavailing. The Court is bound by the Tenth Circuit's holding in *Patton*.

Defendant's procedural unconscionability argument also fails. As Plaintiff points out, Defendant's argument is unsupported by facts. (Doc. 9) at 9; *see* (Doc. 6) at 5. Without any evidence supporting Defendant's procedural unconscionability claim, the Court cannot determine that the Arbitration Agreement is procedurally unconscionable.

Lastly, Defendant requests additional discovery regarding the unconscionability of the Arbitration Agreement. (Doc. 6) at 4. However, this is not necessary. The parties do not dispute the authenticity of the relevant documents. Instead, the parties' dispute focuses on the application of the law to those documents. Accordingly, the Court determines that discovery would not aid resolution of the current dispute. The Court therefore denies Defendant's request.

IV. *Conclusion*

Thus, noting the strong presumption in favor of arbitration and Tenth Circuit precedent, the Court grants Plaintiffs' Motion to Compel Arbitration.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE

4